

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# USA v. Barbour

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4299

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Barbour" (2008). *2008 Decisions.* Paper 680.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/680

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4299
_____

UNITED STATES OF AMERICA

v.

OTTO BARBOUR,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 00-cr-00419-7)
Honorable Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 21, 2008

Before: MCKEE, FUENTES and JORDAN, Circuit Judges

(Filed    August 12, 2008 )

OPINION OF THE COURT

MCKEE, *Circuit Judge*

Otto Barbour appeals the sentence that was imposed following remand after his

*pro se writ of certiorari* was granted by the United States Supreme Court.  For the reasons

that follow, we will affirm the 187 month sentence that was imposed on remand.

We need not set forth the procedural or factual history of this case as we are

writing primarily for the parties who are familiar with that background.  We note only that

Barbour challenges the reasonableness of the sentence that was imposed following remand. He argues that the 187 month sentence was "unreasonably high in light of the fact (1) he was not convicted of participating in any drug conspiracy and (2) he played a limited role in the offense. . .". App. Br. 2.

18 U.S.C. § 3553(a) sets forth numerous factors which the district court must consider in fashioning an appropriate sentence. One of those factors, and only one, is the appropriate guideline range. *See* 18 U.S.C. § 3553(a)(4). Here, the district court calculated a quantity of drugs involved in Barbour's conduct based upon the duration of his participation in the distribution scheme. That calculation is not challenged on appeal. During the re-sentencing, the district court specifically stated its understanding that the applicable Guideline range was merely advisory and that the court was not required to impose a sentence within that range. The court expressed its sympathy toward defendant's arguments but nevertheless explained that Barbour's illegal conduct was serious and that a sentence needed to be imposed which was consistent with the seriousness of the offense. *See* App. 23. Finally, and more significantly, the court stressed that Barbour's distribution "affected the housing area of the city . . . and many of the residents of that area . . .". App. 28. We also note that some of the distributions included in the instant indictment occurred soon after Barbour was released from jail. The fact that he resorted to distributing cocaine upon release from jail is certainly relevant to the likelihood of his recidivism and undermines his argument that he is not likely to commit further crimes because of his age. We believe the district court adequately

considered the various sentencing factors set forth in § 3553(a), and explained why that sentence is appropriate.

Accordingly we conclude that the 187 month sentence that was imposed on remand was reasonable.